# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**STACEY J. FISH, DAVID R. FISH,** )<br>**JOE D. FLORES, NADINE J.** )<br>**GONZALES**, )<br>)<br>Defendants. ) | CRIMINAL NO.: 04-02557 JH |

## GOVERNMENT'S RESPONSE TO SENTENCING MEMORANDUM FOR DEFENDANT STACEY FISH

The United States of America, by and through DAVID C. IGLESIAS, United States Attorney for the District of New Mexico and Amy Sirignano, Assistant United States Attorney for said District responds to the Sentencing Memorandum filed on July 5, 2005, by defendant Stacey Fish, (Doc. 39) and states the following:

1. Based on the sentencing factors set forth in 18 U.S.C. § 3553, Defendant requests a sentence of probation, as opposed to prison. Def's Sentencing Memorandum, p. 9. Defense counsel argues that a term of probation is a sentence sufficient to comply with 18 U.S.C. § 3553(a)(2). *Id.* None of the factors set forth in § 3553 would allow a sentence of probation for Ms. Fish. United States Probation has properly calculated Defendant Stacey Fish's offense level at 13 and her criminal history category at I, therefore, the guideline imprisonment range is 12-18 months.

2. Regarding sentencing, the United States Supreme Court in *United*

*States v. Booker*, ___U.S. ___ 2005 WL 50108, 125 S.Ct. 738 (Jan. 12, 2005) held that 18 U.S.C. § 3553(b)(1), which made the Guidelines mandatory, is incompatible with the Supreme Court's constitutional holding. After severing that statute and 18 U.S.C. § 3742(e), the Court held that "the Guidelines effectively [are] advisory." *Booker*, 2005 WL 50108, at 757. To remedy the constitutional infirmity created by using judge-found facts to enhance prison sentences, the Court severed the portion of the Guidelines that made their application mandatory. *Booker*, at 756. Therefore, so long as the sentencing judge consults the Guidelines before imposing a sentence, the sentencing court, as a fact finder, should calculate the range prescribed by the Guidelines. *Booker*, at 764-767. The court then must review the other relevant factors contained in the Guidelines, including those in 18 U.S.C. § 3553(a), and impose a reasonable sentence. *Id.*

        3.       The Supreme Court left all other provisions of the Sentencing Reform Act, including 18 U.S.C. § 3553(a) intact, which requires sentencing judges to take certain factors into account when imposing sentence, including "the kinds of sentence and the sentencing range established" by the Guidelines. 18 U.S.C. § 3553(a)(4). Additionally, after *Booker*, if sentencing judges do not adhere strongly to the advisory Guidelines, in their entirely, and each judge instead decides to rely on his or her own unfettered views as to appropriate sentencing, then the system will surely revert to pre-Guidelines sentencing, with all disparities among offenders based upon race, class, gender, and geographical location that Congress sought to eliminate with the Guidelines. *Id.* at 753.

        4.       In looking at the sentencing guidelines as a whole, the offense level

of 15 for this kind of crime is not "greater than necessary."  Ms. Stacey Fish is addicted to methamphetamine, and as set forth in the facts of the case, and in the Plea Agreement, Ms. Fish wanted to make counterfeit money to get "meth."  Ms. Fish admitted that she was the person at the computer, scanning the front and backs of the bills into the computer to manufacture the counterfeit Federal Reserve Notes.

       5.       Additionally, Ms. Fish told the police that she saw her son, Roger Fish take a sheet of the counterfeit money, but she did nothing to stop him from taking the counterfeit bills.  Displaying extraordinary poor judgment, Ms. Fish and the others were engaged in criminal activity in front of their children.  At the time of the offense, Ms. Fish's daughter was fifteen (15) years old.

       6.       On August 16, 2004, AUSA Amy Sirignano received a telephone call from U.S. Probation officer Sammi Geurtz.  Ms. Geurtz interviewed Roger Fish for placement in the Pretrial Diversion Program.  Ms. Geurtz advised the government that she was planning on calling CYFD since Roger Fish told her that he was addicted to methamphetamine, he was introduced to the drug by his mother, and that he used the drug with his mother at his residence.  Apparently, both David Fish and Stacey Fish are addicted to the drug, and prior to their pleas of guilty, they were both using the illegal substance in their home.  After this discovery, Ms. Fish's daughter was sent to stay with a relative in Colorado.  It is unknown if CYFD was called by Probation, or if any action was taken.

       7.       This is not an aberrant criminal act for Ms. Stacey Fish.  Although she does not have a criminal record, as stated above, she is entirely familiar with purchasing and using illegal narcotics.  Additionally, on February 8, 2005, the defendant

submitted a urinalysis test to Pretrial Services.  The test returned positive for the presence of methamphetamine on February 9, 2005.  PSR ¶ 5. Moreover, the computer that she manufactured the counterfeit currency with was reported stolen from High Desert Education on June 24, 2002.  Lastly, based on the recommendation of Pretrial Services, this court ordered Ms. Fish out of the residence that she shared with her husband, David Fish due to noncompliance, drug use, and suspected drug use by Ms. Fish, and her husband.  *Id.*  Pretrial Services stated that the house was a complete mess, and in complete disarray, even though Mr. and Ms. Fish were not working full-time.  Accordingly, the PSR properly concluded that there are no grounds for a downward departure based on aberrant behavior.  PSR ¶ 76.

        8.       Finally, the government is concerned with Ms. Fish's statement to the court, which is attached to her Sentencing Memorandum as Exhibit A. In her own handwriting, Ms. Fish states, "I only did it to see how it would look.  I never had any *intention* of using it in any way."  Sentencing Memorandum for Defendant Stacey Fish, Exhibit A (emphasis added).  This written statement is inconsistent with the statement that she made to the police and with the facts set forth in the Plea Agreement.  If at any time, up to and including the sentencing hearing, Stacey Fish fails to accept responsibility for her *knowing* participation in manufacturing counterfeit currency *with the intent to defraud*, as admitted in the plea agreement, "[T]he United States is free to withdraw [the stipulation for acceptance of responsibility] if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing."  Plea Agreement, paragraph 8b, Doc. 14, filed February 8, 2005.

WHEREFORE, so long as Ms. Fish continues to accept responsibility for her criminal conduct, the government respectfully requests that this court sentence the defendant, Stacey Fish, as calculated in the PSR, at an offense level 13, criminal history category I, to a term of imprisonment of 12-18 months.

Respectfully submitted,
DAVID C. IGLESIAS
United States Attorney

*Electronically Filed 07/11/05*

AMY SIRIGNANO
Assistant United States Attorney

I certify that a true and correct copy
of the foregoing document was
sent via facsimile to counsel of record
and U.S. Probation as indicated below
this 11TH day of July, 2005.

_____
AMY SIRIGNANO


Benjamin A. Gonzales, Esq.
Office of the Federal Public Defender
111 Lomas Blvd, NW, Suite 501
Albuquerque, NM 87102

Loyola Garcia
United States Probation Officer
333 Lomas, N.W., Suite 170
Albuquerque, NM 87102